MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
MCLETCHIE LAW
602 South Tenth Street
Las Vegas, Nevada 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: efile@nvlitigation.com
*Counsel for Plaintiff Jamee Deirdre Hundley*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JAMEE DEIRDRE HUNDLEY, aka
JAMES DERRICK HUNDLEY

        Plaintiff,

     vs.

STATE OF NEVADA ex. Rel, BOARD OF
PRISON COMMISSIONERS, et al.

        Defendants.

**Case. No.:** 3:19-cv-00458-ART-CSD

**STIPULATED
PROTECTIVE ORDER**

      Plaintiff JAMME DEIRDRE HUNDLEY, fka JAMES DERRICK HUNDLEY ("Plaintiff Hundley" or "Ms. Hundley")[1], by and through her counsel, Margaret A. McLetchie and Leo S. Wolpert of McLetchie Law, and Defendants Kim Adamson, Cisco Aguilar, Romeo Aranas, David Bequette, Russelle Donnelly, James Dzurenda, Aaron Ford, Tim Garrett, David Greene, Joseph Lombardo, Dana Marks, Michael Minev, Martin Naughton, Donald Poag, and David Rivas, by and through their counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General ("NDOC Defendants") (collectively "the Parties"), in accordance with Rule 26 of the Federal Rules of Civil Procedure, with Rule 26-1 of the Local Rules of the United States District Court, District of Nevada, having agreed to the following and for good cause under Rule 26(c)(1) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED as follows:

---

[1] Plaintiff is referred to herein by her female name and pronouns.

1   **1.**   **PURPOSES AND LIMITATIONS.**

2   Disclosure and discovery activity in this action may involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure may be warranted under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

5   The parties acknowledge that this Order does not confer blanket protections on all

6   disclosures or responses to discovery and that the protection it affords extends to only the

7   limited information or items that are entitled under law to treatment as confidential.

8   **2.**   **SCOPE.**

9   All documents produced in the course of discovery, all responses to discovery

10   requests, and all deposition testimony and exhibits and any other materials which may be

11   subject to discovery (hereinafter collectively "Discovery Material") shall be subject to this

12   stipulated protective order concerning confidential information as set forth below. A copy

13   of this Order must be included with any subpoena to any third party. Any party, or any third

14   party who produces documents in this litigation, may designate documents as Confidential

15   but only after review of the documents by an attorney who has, in good faith, determined

16   that the documents contain "Confidential Information," as defined below, and pursuant to

17   the procedure set forth below.

18   **3.**   **CONFIDENTIAL INFORMATION.**

19   "Confidential Information" shall mean information meriting special protection

20   under the Federal Rules of Civil Procedure and applicable case law. Confidential

21   Information does not include information that (a) is in the public domain at the time of

22   disclosure; (b) becomes part of the public domain through no fault of the Receiving Party;

23   (c) the Receiving Party can show was in its rightful and lawful possession at the time of

24   disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without

25   restriction as to disclosure.

26   **4.**   **OTHER DEFINITIONS.**

27   <u>Party</u>: any party to this action, including all of its officers, directors, agents, and

28   attorney(s) of record for a Party in this action (including their associates, paralegals, and

support/ clerical staff).

Non-party: any individual, corporation, association, or natural person or entity other than a party.

Protected Material: any Discovery Material containing Confidential Information that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

Producing Party: a Party or Non-party that produces Discovery Material in this action.

Receiving Party: a Party that receives Discovery Material from a Producing Party.

Designating Party: a Party or Non-party that designates Discovery Material as "CONFIDENTIAL". The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

Confidentiality Log: a Confidentiality Log must accompany any production of documents designated as "CONFIDENTIAL" that includes the Bates numbers of the documents designated (or the portions thereof) as "Confidential" and the basis for doing so. Each Producing Party shall keep this log cumulatively and re-produce it every time they designate something as "CONFIDENTIAL" so that it is a cumulative record of what the party has marked "CONFIDENTIAL."

**5.      FORM AND TIMING OF DESIGNATION.**

Protected Material shall be so designated by the Producing Party by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "Confidential" designation. A Confidentiality Log must accompany any production of

MCLETCHIE LAW
ATTORNEYS AT LAW
602 SOUTH TENTH ST.
LAS VEGAS, NV 89101
(702) 728-5300 (T) | (702) 425-8220 (F)
WWW.NVLITIGATION.COM

3

Protected Material that includes the Bates numbers of the documents designated (or portions thereof) as "CONFIDENTIAL" and the basis for doing so. Documents shall be designated "Confidential" prior to, or contemporaneously with, the production or disclosure of the documents. The designation of documents as "CONFIDENTIAL" shall be accompanied with a Confidentiality Log in the form included at **Exhibit A**.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify—so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text. The accompanying log should clearly explain which portion is designated as CONFIDENTIAL.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriated markings in the margins or by redacting protected portions).

Portions of depositions shall be designated CONFIDENTIAL when the deposition is taken or within fourteen (14) business days after receipt of the transcript, if feasible. Such

designation shall be specific as to the portions to be protected and, if made by a Party, shall be accompanied with a certification and log on the form, attached as Exhibit A. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific materials that qualify for protection under the appropriate standards.

Inadvertent or unintentional production of Protected Material without prior designation as "Confidential" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order.  Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

**6.      PROTECTION OF PROTECTED MATERIAL.**

**a. General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting litigation in the above-entitled action (including any appeal).

**b. Qualified Receiving Parties and Limited Third-Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

Subject to these requirements, in addition to Parties and the Court, the following categories of persons may be allowed to review Protected Material pursuant to this Order after executing an acknowledgment (in the form set forth at Exhibit B hereto), that he or she has read and understands the terms of this Order and is bound by it:

(1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

(2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters),

(3) Court reporters, deposition notaries and staff;

(4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

(5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(6) Deponents during the course of their depositions;

(7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

(8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

(9) Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

c. **Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action.

**d. Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

/ / /

7.      **INMATE'S ACCESS TO FILES**

Plaintiff's counsel may share with the Plaintiff copies of documents deemed Protected Material, even if access otherwise prohibited under NDOC Administrative Regulations ("ARs") 568 and 639. NDOC does not have a specific confidentiality or safety interest regarding Plaintiff's medical records given the open and obvious nature of her injuries at issue in this case. Further, Plaintiff's interest in maintaining open and informed communication between Plaintiff and her counsel weighs in favor of superseding AR 568 and 639 in this instance.

Accordingly, this Protective Order supersedes AR 568 and 639 and Plaintiff may possess copies of institutional records and medical documentation produced by NDOC over the course of this litigation. However, following the litigation, the NDOC may retrieve the medical and institutional records utilized in this litigation from Plaintiff. Additionally, this Protective Order is limited to this litigation, and not separate litigation involving the parties to this Protective Order.

8.      **UNAUTHORIZED DISCLOSURE.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (**Exhibit B**).

9.      **FILING PROTECTED MATERIAL**

The Parties shall follow Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and must file documents under seal under the Court's electronic filing procedures.

Further, the Parties recognize the presumption of public access inherent in judicial

records and that a Protective Order does not establish that documents meet the standard for sealing set forth in Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). When a motion to seal is related to the merits of the case, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. But when motion to seal is unrelated to the merits of the case, a party may overcome this presumption by meeting a less exacting "good cause standard." *Chrysler Group*, 809 F.3d at 1097. To establish good cause, a party must show specific prejudice or harm—such as protecting a party from annoyance, embarrassment, oppression, or undue burden or expense—will result if the motion to seal is denied. *Id.* (quoting Fed. R. Civ. P. 26(c)). Further, the Court should make an independent determination regarding whether documents merits sealed status, and thus expressly reserves the right to do. *Kamakana* 447 F.3d at 1186-87.

In recognition of this legal standard, and the fact that the party filing Protected Material may not be the party that designated it confidential (and thus, may not believe good cause exists for sealing), the Parties suggest that the procedure set forth below is followed if the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to this Stipulated Protective Order: the Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a response asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure and attaching a declaration supporting the assertion that the designated material meets the applicable standard.

### 10.   CHALLENGES TO PROTECTED MATERIAL.

Any designation of Protected Material is subject to challenge. The following

procedures shall apply to any such challenge:

     **a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

     **b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have ten (10) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

     **c. Treatment as Protected Material until Order or Withdrawal.** Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 10.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "CONFIDENTIAL."

     **d. No Waiver.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

     **11.**   **DURATION; CONCLUSION OF LITIGATION.**

     All provisions of this Order restricting the use of Protected Material shall not continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

/ / /

/ / /

9

**12.**     **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**

**<u>PRODUCED IN OTHER LITIGATION.</u>**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**13.**     **<u>ORDER SUBJECT TO MODIFICATION.</u>**

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the above-entitled action to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

**14.**     **<u>NO JUDICIAL DETERMINATION.</u>**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**15.**     **<u>MISCELLANEOUS.</u>**

**a. Public Health and Safety.** Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief.** Nothing is this Order abridges the right of any person to seek its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no

Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.    **PERSONS BOUND UPON ENTRY OF ORDER.**

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein). It shall also be binding upon subsequent parties that are added to this matter, each of which shall execute **Exhibit B** (Agreement to be bound).

**IT IS SO STIPULATED.**

**[signature page to follow]**

| | |
|---|---|
| DATED this 8th day of April, 2024. | DATED this 8th day of April, 2024. |

**MCLETCHIE LAW**                                    **STATE OF NEVADA OFFICE OF THE ATTORNEY GENERAL**

*/s/ Leo S. Wolpert*_____          */s/ Douglas R. Rands*__
MARGARET A. MCLETCHIE, NBN 10931          DOUGLAS R. RANDS, NBN 3572
LEO S. WOLPERT, NBN 12658                        100 N. Carson Street
602 South Tenth Street                                  Carson City, Nevada 89701
Las Vegas, NV 89101                                    Telephone: (775) 684 – 1150
*Attorneys for Plaintiff Jamee Deirdre*          Email: drands@ag.nv.gov
*Hundley*                                                      *Attorneys for NDOC Defendants*


**ORDER**


**IT IS SO ORDERED.**



_____
UNITED STATES MAGISTRATE JUDGE


DATED: April 9, 2024
_____

**EXHIBIT A**
**[Name]'s LOG OF CONFIDENTIAL DESIGNATIONS**

| Date of Production | Bates No. or Other Identifier | Specific Description of Documents or Information | Authority/Basis for Designation |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

13

## **EXHIBIT B**

## **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

## **UNITED STATES DISTRICT COURT DISTRICT OF NEVADA**

JAMEE DEIRDRE HUNDLEY, aka
JAMES DERRICK HUNDLEY

          Plaintiffs,

    vs.

STATE OF NEVADA ex. Rel, BOARD OF
PRISON COMMISSIONERS, et al.

          Defendants,

**Case. No.:** 3:19-cv-00458-ART-CSD

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 2024, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada relating to the Confidentiality Order during the pendency of the above-titled action and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any person, firm, entity, or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____          _____
Date                                                            Signature

14